USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Lisa Beth Ackerman,

                                  **Plaintiff,**

            -against-

Commissioner of the Social Security Administration,

                                  **Defendant.**

1:13-cv-06675 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Before the Court is a motion for attorneys' fees, pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b)(1), by plaintiff's counsel, Braverman Law PC ("Braverman Law"). (ECF No. 32.) The motion follows a favorable decision for plaintiff, Lisa Beth Ackerman ("Plaintiff" or "Ackerman"), by defendant, Commissioner of the Social Security Administration ("Commissioner"), after remand of this case to the Commissioner by Magistrate Judge Ellis. For the reasons set forth below, I award attorneys' fees to Braverman Law in the amount of $26,283.00.

**BACKGROUND**

After Ackerman was denied benefits by an Administrative Law Judge and the Social Security Appeals Council, Braverman Law successfully represented her before the District Court,[1] briefing a motion for judgment on the pleadings, which resulted in the remand of her case and a fully favorable decision in favor of Ackerman. (Pl.'s Mem., ECF No. 35, at 1.)

---

[1] On September 13, 2013, Ackerman entered into a contingency fee agreement with Braverman Law providing that, if she receives benefits, Braverman Law would be entitled to receive a fee of up to 25% of such benefits. (Fee Agreement, ECF No. 33-1.)

1

Ackerman received a notice from the Social Security Administration ("SSA") in September 2017 indicating her monthly benefit amount, which Ackerman started receiving in about October 2017. (Braverman Decl. ¶ 12.) The notice did not state the total past-due benefits or the amount being withheld to pay attorneys' fees. (*Id*.) On September 2, 2019, the SSA issued a notice of award indicating that the past due benefits are $105,132.00, and that $26,283.00 (representing 25% of the past due benefits) were being withheld to pay an authorized fee. (*Id*. ¶ 14.)

On September 20, 2019, Braverman Law filed the instant motion for attorneys' fees, pursuant to 42 U.S.C. § 406(b)(1). (9/20/19 Motion, ECF No. 32.) In its motion, Braverman Law seeks attorneys' fees in the amount $26,283.00,[2] which represents twenty-five (25%) of the past due benefits awarded to the Plaintiff. Upon receipt of this sum, Braverman Law pledges to refund the previously awarded EAJA fees and costs of $8,000.00 directly to the Plaintiff.[3] (Braverman Decl. ¶ 17.) The case was reassigned to me on September 25, 2019. On October 22, 2019, the Commissioner filed a response to the motion, which states that the Commissioner does not object to an award of attorneys' fees in the amount of $26,283.00. (Def. Ltr., ECF No. 40.)

## DISCUSSION

**I.     Legal Standards**

Section 206(b)(1)(A) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may

---

[2] Braverman Law actually seeks $26,383.00 in fees (*see*, *e.g.*, Pl.'s Mem. at 7), but the Court assumes that this is a typographical error since the SSA notice has the correct amount of $26,283.00, which is 25% of $105,132.00. (9/2/19 Notice, ECF No. 33-4.)

[3] Based on the successful appeal in the District Court, Ackerman had sought an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Thereafter, Braverman Law was awarded $8,000.00 in fees and costs. (Braverman Decl., ECF No. 33, ¶ 9.)

2

determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (internal citations omitted).

Among the factors to be considered when determining whether an award is reasonable are: (a) whether the contingency fee is within the twenty-five percent limit; and (b) whether the retainer was the result of fraud or overreaching by the attorney. *See Wells*, 907 F.2d at 372. Other factors to be considered are: (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called "windfall" factor.[4] *See Brown v. Colvin*, No. 15-CV-04823 (SDA), 2018 WL 6061199, at *3 (S.D.N.Y. Nov. 20, 2018).

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney

---

[4] With respect to the "windfall" factor, courts consider: (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. *See Brown*, 2018 WL 6061199, at *3.

must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citation omitted).

## II. Application

As noted above, Braverman Law seeks an award of attorneys' fees in the amount of $26,283.00. The fees are within the twenty-five percent limit imposed by statute and there is no evidence of fraud or overreaching. Moreover, the Court finds that none of the other factors warrant a reduction in the fee amount.

Braverman Law has requested $26,283.00 for 56.1 hours of services rendered before this Court, which represents a *de facto* hourly rate of $468.00. The requested fees are not out of line with the character of the representation and the successful results achieved. Upon review of Braverman Law's time records (Time Records, ECF No. 33-3), the Court finds that the number of hours spent on this matter by Adam Braverman is not unreasonable under the circumstances. In addition, the de facto hourly rate of $468.00 is reasonable. *See Cahill v. Colvin*, No. 12-CV-09445 (PAE) (MHD), 2016 WL 4581342, at *3 (S.D.N.Y. Sep. 2, 2016) (finding fees of $13,875.83 for 28.8 hours, resulting in hourly rate of $481.80, to be reasonable).

## CONCLUSION

For the reasons set forth above, Braverman Law's motion for attorneys' fees (ECF No. 32) is GRANTED. It is hereby ORDERED that Braverman Law be awarded the sum of $26,283.00 in fees. Upon receipt of this sum, Braverman Law is ORDERED to refund the previously awarded EAJA fees of $8,000.00 directly to Plaintiff.

DATED: October 23, 2019
New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**